Filed 2/26/19; Modified and Certified for Partial Publication on 3/20/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| IONE VALLEY LAND, AIR, AND WATER DEFENSE ALLIANCE, LLC, | C081893 |
| Plaintiff and Appellant, | (Super. Ct. No. 15CVC09240) |
| v. | |
| COUNTY OF AMADOR, | |
| Defendant and Respondent; | |
| NEWMAN MINERALS, LLC, et al., | |
| Real Parties in Interest and Respondents. | |

In 2012, the County of Amador (County) certified a final environmental impact report (EIR) and approved the Newman Ridge Project (Project), an aggregate quarry and related facilities near Ione owned by real parties in interest Newman Minerals and others (Applicants). Ione Valley Land, Air, and Water Defense Alliance, LLC (LAWDA) filed

1

a petition for writ of mandate under the California Environmental Quality Act (CEQA) challenging the certification and approval. The trial court granted the petition as to traffic impacts because the 2012 draft EIR did not accurately portray the data from the traffic impact study and did not disclose traffic information in a manner reasonably calculated to inform the public and decision-makers. The errors required correction and recirculation of the EIR as to traffic issues only. As to all other issues, the petition was denied.

After the County issued a partially recirculated draft EIR in 2014, certified the partially recirculated EIR, and again approved the Project, LAWDA again filed a petition for writ of mandate. The trial court denied the petition, and LAWDA appeals.

LAWDA now contends the trial court erred by denying the petition (1) as to impacts other than traffic impacts, and (2) as to traffic impacts. We conclude (1) the arguments relating to impacts other than traffic impacts are precluded by res judicata, and (2) LAWDA fails to establish that CEQA statutes and guidelines require reversal as to traffic impacts. We will affirm the judgment.

BACKGROUND

LAWDA elected not to include a reporter's transcript in the record on appeal. Consequently, it is difficult to piece together what arguments were made in the trial court and when they were made. For example, the trial court heard arguments on this case on several occasions having to do with a demurrer and on the merits, yet we do not have the benefit of the arguments made. Also, LAWDA did not request a statement of decision, so we also do not have the benefit of the trial court's reasoning in denying the petition for writ of mandate. We glean the following from the clerk's transcript and, to a lesser extent, the administrative record.

Applicants proposed the Project to consist of two parts: the Newman Ridge Quarry and the Edwin Center. The Newman Ridge Quarry is a 278-acre quarry from which it is anticipated five million tons of rock will be extracted per year for 50 years.

2

The adjacent Edwin Center is a 113-acre area to host processing and transportation facilities. The County certified an EIR and approved the Project in 2012.

In November 2012, LAWDA filed a petition for writ of mandate (Amador County Superior Court case no. 12-CVC-08091), which we will refer to as the "first petition," claiming that the County's approval of the Project violated CEQA, as well as the State Mining and Reclamation Act and the Planning and Zoning Law. The trial court summarized the CEQA issues raised by LAWDA in the first petition: "(1) the air pollution impacts were understated and insufficiently mitigated[;] (2) the water supply and water quality issues were inadequately analyzed or mitigated[;] (3) the traffic and circulation impacts were inadequately analyzed and mitigated[;] (4) the revised [draft] EIR should have been recirculated[;] (5) the County failed to adequately consult with the California Department of Corrections and Rehabilitation [CDCR] as a trustee agency, and with Caltrans as a responsible agency; (6) the substantial evidence does not support the Statement of Overriding Considerations; (7) the County failed to provide a reasoned analysis in response to Caltrans claims that the [final] EIR failed to adequately identify, disclose and mitigate for potentially significant impacts to the State Highway system."

In February 2014, the trial court entered its order granting the first petition in part and denying it in part. The trial court found two traffic-related deficiencies in the EIR, one having to do with surface street traffic impacts and the other with rail traffic impacts. The trial court issued a written ruling along with its order, requiring the County to (1) vacate certification of the EIR, (2) vacate approval of the Project, (3) "recirculate for public comment the revised [draft EIR] pertaining to traffic issues," (4) decide anew whether to certify the EIR, (5) decide anew whether to approve the Project, and (6) notify the trial court that it had complied with the peremptory writ. In all other respects, the trial court denied the petition.

The County filed an initial return certifying that it had complied with the requirements of the peremptory writ to vacate the EIR certification and the Project

3

approval. It further complied with the writ by circulating for public comment a partially recirculated EIR pertaining only to traffic issues. After responding to comments, the County certified the partially recirculated EIR and approved the Project. In June 2015, the County and the Applicants filed an additional return certifying that they had complied with the entirety of the writ. Based on the compliance, the County asked the trial court to "uphold the County's certification of the EIR and approval of the Project, grant the motion to discharge the Writ, and relinquish jurisdiction over this matter . . . ." The trial court granted the motion to discharge the writ in August 2015.

Meanwhile, in April 2015, LAWDA filed a new petition for writ of mandate (Amador Superior Court case no. 15-CVC-09240), which we will refer to as the "second petition," challenging the certification of the partially recirculated EIR and approval of the Project. The second petition acknowledged that the trial court had granted in part and denied in part the first petition, "ruling that the EIR had failed to apprise the public of the transportation impacts of the proposed project," but "den[ying] the other claims in the writ petition." The second petition continued: "Subsequently, the County released a Recirculated EIR, which included a revision of the one section of the EIR dealing with circulation. However, the County did not change any other portion of the EIR despite the fact the entire EIR would be affected by changes in the circumstances in which the Project was being approved; the official state of drought in California, the County's approval of the expansion of the existing Jackson Valley Quarry, and the approval of the Mule Creek State Prison expansion."

The second petition alleged the EIR was deficient in the following respects: (1) water supply and quality, (2) traffic and circulation, (3) biological resources, (4) air pollution, (5) mitigation measures, (6) recirculation of the entire EIR, (7) evidence supporting overriding considerations, and (8) response to public comments. The second petition also alleged violation of the Planning and Zoning Law.

4

The County and Applicants demurred to the second petition, claiming that many of the contentions relating to the EIR were litigated and resolved in connection with the first petition. The trial court sustained the demurrer with leave to amend. The record does not reflect the trial court's reasons for sustaining of the demurrer.

LAWDA filed an amended petition, the parties filed briefs on the merits, and the trial court held a hearing. Since there is no reporter's transcript, we do not have a record of the hearing, other than that it occurred. The trial court subsequently issued an order denying LAWDA's second petition for writ of mandate. The order provided no reasoning, and LAWDA did not request a statement of decision.

Additional background is set forth in the discussion.

DISCUSSION

I

The County and Applicants, which we will refer to collectively as the County, contend that LAWDA is barred from raising most of the issues in the second petition for writ of mandate. We agree. Res judicata bars all of LAWDA's objections to the partially recirculated EIR certification and project approval, except for those issues arising from the partially recirculated EIR concerning traffic impacts, because the remaining issues were litigated and resolved, or could have been litigated and resolved, in connection with the first petition, and the writ of mandate did not require the County to revisit issues other than traffic impacts.

In a similar CEQA case, this court held the parties could not raise issues the parties either raised or could have raised in prior litigation. (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 324-327 (*Citizens for Open Government*).) In that case, the trial court granted a petition for writ of mandate, finding that the EIR was inadequate as to cumulative urban decay analysis and potential energy impacts analysis. The writ issued on the merits and became final even though the trial court retained jurisdiction over the matter until the city complied with the writ. (*Id.* at

5

pp. 302, 324-325; see Pub. Resources Code, § 21168.9, subd. (b) [requiring the trial court to "retain jurisdiction over the public agency's proceedings by way of a return to the peremptory writ until the court has determined that the public agency has complied with this division".) Later, after the city had revised the EIR and reapproved the project, the petitioners filed a new petition for writ of mandate. One of the issues raised in the new petition was that there were significant water supply impacts that were not disclosed in the EIR. The trial court concluded res judicata barred the claim that could have been made in the first petition. This court affirmed (*Citizens for Open Government, supra,* at pp. 324-327), concluding: "[The petitioner's] water supply claims in this proceeding were based on the same conditions and facts in existence when the original action was filed. As such, res judicata bars us from considering them here." (*Id*. at p. 327.)

In *Citizens for Open Government*, this court summarized the doctrine of res judicata: "Res judicata or claim preclusion bars relitigation of a cause of action that previously was adjudicated in another proceeding between the same parties or parties in privity with them. [Citation.] Res judicata applies if the decision in the prior proceeding is final and on the merits and the present proceeding is on the same cause of action as the prior proceeding. [Citation.] Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated. [Citation.]" (*Citizens for Open Government, supra,* 205 Cal.App.4th at p. 324.)

This court continued: "Causes of action are considered the same if based on the same primary right. [Citation.] A claim in the present proceeding is based on the same primary right if based on the same conditions and facts in existence when the original action was filed. [Citation.] Even if petitioner's challenge is not based on the same conditions and facts, those different conditions and facts must be 'material.' [Citation.]" (*Citizens for Open Government, supra,* 205 Cal.App.4th at p. 325.)

Here, the trial court's writ of mandate directed the County to revisit only the 2012 EIR's traffic impacts analysis. The trial court denied the first petition for writ of mandate

6

with respect to other parts of the 2012 EIR. Yet LAWDA raises several additional alleged deficiencies other than traffic impacts in its second petition. On appeal, LAWDA raises again some of the issues listed in the second petition, including contentions that the partially recirculated EIR was deficient in its analysis of water supply and quality impacts, biological resource impacts, and air quality impacts. LAWDA also contends the partially recirculated EIR unreasonably failed to consider the approval of another quarry, which undermined the partially recirculated EIR's statement of overriding considerations. We conclude these contentions are barred by res judicata because they were, or could have been, raised in LAWDA's first petition. (*Citizens for Open Government, supra,* 205 Cal.App.4th at p. 324)

LAWDA's opening brief on appeal fails to discuss res judicata, collateral estoppel, or failure to exhaust administrative remedies, even though those theories were raised by the County in the trial court and may have been the basis for much of the trial court's order. Only after the County again raised those preclusion issues in its respondent's brief did LAWDA engage them on appeal. It replies that res judicata does not apply because the trial court ordered the County to vacate its certification of the 2012 EIR and approval of the Project, which the County did. Thus, LAWDA argues, the County's later action was a new certification, allowing LAWDA to challenge all of its elements. LAWDA claims that Public Resources Code section 21168.9 allows for partial decertification of an EIR, and, therefore, the trial court's order directing full decertification of the EIR allowed new challenges to parts of the EIR that had already been upheld by the trial court. This argument fails because whether the EIR has been decertified does not alter the fact that the sufficiency of a component of the EIR has been litigated and resolved. (See *Citizens for Open Government, supra,* 205 Cal.App.4th at p. 302 [this court applied res judicata even though the city rescinded approval of the project and decertified the prior EIR].)

In addition, LAWDA claims res judicata does not apply because it could not appeal the prior order granting in part and denying in part the petition for writ of

mandate. Noting that only aggrieved parties may appeal (Code Civ. Proc., § 902; *In re Pacific Std. Life Ins. Co.* (1992) 9 Cal.App.4th 1197, 1200), LAWDA argues it was not an aggrieved party because the trial court vacated the EIR certification and Project approval. This contention, however, does not account for the trial court's partial denial of the petition for writ of mandate. Because the trial court rejected LAWDA's arguments regarding aspects of the EIR other than traffic impacts and denied the petition as to those aspects of the EIR, thus rejecting the attempt to have the County reconsider those other impacts, LAWDA was aggrieved and could have appealed.

LAWDA also asserts for the first time in its reply brief that new and different circumstances render the newly certified EIR factually different from the prior EIR and, therefore, res judicata does not apply. It argues, for example, that new legislation, the Sustainable Groundwater Management Act, has been enacted since the first EIR was certified. It asserts that conditions have changed, including drought conditions and drying of wells, and other projects in the area have been approved. LAWDA also argues that "misleading information" in the 2012 EIR regarding traffic impacts prevented informed public comment on air quality and biological resource impacts. However, because LAWDA failed to include this counter-argument to the application of res judicata in its opening brief, LAWDA forfeited the argument. " 'Obvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief. To withhold a point until the closing brief would deprive the respondent of his opportunity to answer it or require the effort and delay of an additional brief by permission. Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' " (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)

We conclude the County was not required to revisit impacts or issues other than traffic impacts because the trial court's writ of mandate only required recirculation of the EIR as to traffic impacts. Consistent with CEQA, the trial court issued "[a] mandate that

8

the public agency take specific action as may be necessary to bring the determination, finding, or decision into compliance with [CEQA]." (Pub Resources Code, § 21168.9, subd. (a)(3).) The trial court's limited writ of mandate in this case did not require the County to revisit issues other than traffic impacts.

We further conclude that all issues LAWDA seeks to raise on appeal are precluded except those having to do with traffic impacts because the remaining issues were litigated, or could have been litigated, in the prior proceeding and because the writ of mandate only required further action as to traffic impacts.

## II

LAWDA claims the recirculated EIR failed to adequately analyze and mitigate traffic impacts.

The trial court's decision to grant the first writ petition was based on the mistaken use of erroneous traffic data in the draft EIR. While an appendix to the draft EIR contained accurate data, that data was not reflected in the draft EIR itself. The inaccuracy had to do with the Level of Service (LOS) at seven intersections affected by the Project; the draft EIR significantly understated the LOS at those intersections. The trial court concluded that the County "thereby failed to accurately inform the public of the environmental consequences before the decision [to approve the project] was made . . . ." The trial court also concluded that information about train traffic from the project in the draft EIR was not reasonably calculated to inform the public or decision-makers because the information was not included in the text of the draft EIR even if it was included in appendices.

The trial court directed the County to recirculate for public comment the draft EIR pertaining to traffic issues, stating: "This revised [draft EIR] must summarize the revisions made to the previously circulated [draft EIR], respond to comments, and provide notice of recirculation . . . ."

9

LAWDA now argues the recirculated EIR failed to adequately analyze and mitigate traffic impacts because (A) the County's response to concerns from Caltrans was deficient, (B) the partially recirculated EIR failed to account for an expansion of the Mule Creek State Prison, and (C) the partially recirculated EIR failed to respond to the City of Galt's concerns regarding traffic impacts at rail crossings. We address each argument in turn.

A

LAWDA argues the County's response to concerns from Caltrans was deficient. In a letter commenting on the partially recirculated draft EIR, Caltrans discussed the project's access to State Route 104. Caltrans wrote that it "cannot support this proposal for access to [State Route] 104" because "the project access is infeasible." Commenting on a proposal to share a driveway accessing State Route 104 with the project's neighbor, Caltrans wrote: "[Caltrans] has consistently recommended that the EIR should fully address impacts at the project driveway, and it considers the proposal for shared use of the driveway to be new information of substantial importance."

In responding to comments on the partially recirculated draft EIR, the County said: "When a lead agency recirculates a portion of an EIR, and has already responded to the comments on the original EIR, the lead agency is required under CEQA Guidelines section 15088.5(f)(2) to respond to 'comments received during the recirculation period that relate to the chapters or portions of the earlier EIR that were revised and recirculated.' " The County also provided a specific response to the Caltrans comment, noting that the information addressed by Caltrans was not new to the partially recirculated draft EIR but had been in the 2012 draft EIR. Caltrans made a similar comment on the 2012 draft EIR, and the County responded to that comment, noting that any improvements or modifications of the roadways would require Caltrans approval. The County explained: "For informational purposes, the 2012 Draft EIR fully analyzed use of an existing, in-use access point to serve the proposed project. [References to 2012

10

draft EIR.] This analysis includes intersection LOS and safety impacts analysis at the project access point intersection with [State Route] 104. Although the 2012 Draft EIR identifies the use of a secondary access to access the Edwin Center North Alternative, the 2012 Draft EIR shows that the existing access provides access to the Edwin Center North Alternative as well. [References to 2012 draft EIR.] Caltrans' approval of a secondary access to serve the Edwin Center North Alternative, as sought by the project applicants, would provide additional, safe access to the proposed project.

"For additional background, the County notes that the project applicant submitted application materials for an encroachment permit in January 2012 [reference to 2012 draft EIR], prior to the proposed project's original approval in November 2012. In response to Caltrans comments, the project applicant resubmitted application materials for the applied-for access point in August 2014, specifying that the relocated access point will allow for increased sight distance and would allow for the construction of access openings to facilitate the safe operations of [vehicles in accordance with an administrative manual] [reference to 2012 draft EIR]. Toward this objective, the proposed access point includes acceleration, deceleration, and turn lanes [reference to 2012 draft EIR]. The applied-for encroachment permit is not within the County's jurisdiction. Thus, while the 2012 Draft EIR describes use of an existing easement owned by the project applicant to serve as a secondary access to the Edwin Center North Alternative, the commenter is also aware, as evidenced by materials submitted by the commenter, as to the reasons that the project applicant has applied to Caltrans for an encroachment permit at an alternative location (i.e., to meet Caltrans safety standards).

"The County has reviewed the materials submitted by the commenter and, based on that review and the information provided above and in the 2012 Draft EIR and 2012 Final EIR, determined that the applied-for access point does not constitute new information or a change in circumstances that would require recirculation of other portions of the 2012 Draft EIR. The County notes that the 2012 Draft EIR fully analyzes

11

full disturbance of the Edwin Center North Alternative [reference to 2012 draft EIR], as well as intersection LOS and safety impacts analysis [reference to 2012 draft EIR]. [Reference to partially recirculated draft EIR.]"

LAWDA asserts that although the County repeatedly claimed certain comments were beyond the scope of the trial court's February 6, 2014 order, as the County's response recognized, transportation issues are within the scope of the trial court's order. LAWDA faults the County for relying on its outdated and incomplete 2012 analysis.

LAWDA's contention lacks merit. The County responded to the concerns expressed by Caltrans. The 2012 draft EIR discussed the highway access issues, and based on the comments from Caltrans regarding the 2012 draft EIR, the Applicants applied for an alternative access point and shared driveway. LAWDA does not support its assertion that more was required.

LAWDA also claims Caltrans is correct that the shared driveway information is new and should have been analyzed in a recirculated EIR. But LAWDA does not support this statement with argument or authority, other than to point out that, when new and significant information is added to an EIR, it must be recirculated (Pub. Resources Code, § 21092.1) and that Caltrans believed this was new information of substantial importance. As noted, the County disagreed with the Caltrans assertion that the shared driveway information was significant enough to require recirculation of the EIR. LAWDA does not show why Caltrans was right and the County was wrong. A simple declaration that the County was wrong does not constitute reasoned argument requiring reversal. An appellate brief must "support each point by argument and, if possible, by citation of authority." (California Rules of Court, rule 8.204(a)(1)(B); see *Stevens v. Parke, Davis & Co.* (1973) 9 Cal.3d 51, 70 [burden rests on appellant "to affirmatively demonstrate the error which it asserts"].)

12

LAWDA further argues the partially recirculated EIR failed to account for an expansion of Mule Creek State Prison.

After the County's prior approval of the Project in 2012, the County approved the neighboring Mule Creek State Prison Expansion Project. In connection with the partially recirculated draft EIR in 2014, the County included a three-page memorandum from its traffic consultant explaining the approval of the Mule Creek State Prison Expansion Project and outlining the addition of the Mule Creek traffic. The consultant explained "the Mule Creek project will have trip generation similar to the Newman Ridge project." The consultant determined that the Mule Creek expansion project would not change the traffic impacts noted in the prior EIR because those intersections where traffic impacts were already noted as being significant would remain significant and those where impacts were below the threshold of significance would remain far below the significance level. The consultant concluded that "no additional useful information about the [Project's] potential for transportation impacts would be obtained by updating the [Project's] [traffic impact study]."

LAWDA claims the traffic consultant's memorandum constituted speculation, and that the EIR should have provided projections of peak hour trips and included the traffic from the Mule Creek expansion project, rather than assuming the impacts would remain the same. To the contrary, the consultant did not speculate impacts would remain the same but instead considered the additional traffic from the Mule Creek expansion project and determined the intersections would remain within the same levels of significance already reported in the prior EIR. Nothing more was required.

C

In addition, LAWDA contends the County failed to respond to concerns from the City of Galt about traffic impacts at rail crossings in that city. The heading of this

contention states: "The EIR failed to respond to the City of Galt's concerns regarding rail impacts."

The City of Galt did not comment on the 2012 draft EIR; however, it submitted a letter concerning the partially recirculated draft EIR. The letter noted that the Project would generate 1.88 train trips per day, causing delays at crossings up to 6.5 minutes at the crossing adjacent to the Project, which is not in the City of Galt. The impact on rail crossings in the City of Galt was not discussed in the partially recirculated draft EIR. The City of Galt observed: "The addition of approximately two trips per day, with delays of approximately 6.5 minutes per train crossing will significantly impact traffic operation at those crossings." The letter requested an analysis of the impacts and proposed mitigation.

The County responded to the City of Galt's comment, writing that the 2012 draft EIR disclosed the Project's impacts on rail crossings through the City of Galt. The response also noted that upgrades to the crossings in the City of Galt, including overcrossings, were included in the city's general plan.

LAWDA states that "the County did not require the Project to contribute any fair share funding to build such overcrossings to address the impacts created by the trains generated by the Project." Without providing authority and argument that impacts to rail crossings required fair share funding, LAWDA fails to make an argument requiring our consideration. (California Rules of Court, rule 8.204(a)(1)(B); *Estate of Cairns* (2010) 188 Cal.App.4th 937, 949.)

Also under the heading regarding rail impacts, LAWDA argues the County did not adequately respond to the City of Galt's comments about impacts at the intersection of State Route 104 and State Highway 99. This argument does not appear to be about rail impacts. Distinct arguments (here, the City of Galt's comments about rail impacts versus the City of Galt's comments about vehicle-only traffic impacts) each must be made under its own heading. Failure to separately head distinct arguments forfeits those not fairly

14

included in the heading.  (*In re Marriage of Carlsson* (2008) 163 Cal.App.4th 281, 294; Cal. Rules of Court, rule 8.204(a)(1)(B).)  In any event, the City of Galt's comments simply reiterated comments made by other agencies in connection with the 2012 draft EIR, to which the County had already responded.  We see no reason why, having referred the City of Galt to those responses, the County was required to provide new responses.

DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal. (California Rules of Court, rule 8.278(a).)

     /S/

MAURO, J.

We concur:

     /S/

BUTZ, Acting P. J.

     /S/

HOCH, J.

15

Filed 3/20/19

CERTIFIED FOR PARTIAL PUBLICATION<sup>*</sup>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| IONE VALLEY LAND, AIR, AND WATER DEFENSE ALLIANCE, LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> COUNTY OF AMADOR, <br><br> Defendant and Respondent; <br><br> NEWMAN MINERALS, LLC, et al., <br><br> Real Parties in Interest and Respondents. | C081893 <br><br> (Super. Ct. No. 15CVC09240) <br><br><br> ORDER MODIFYING OPINION AND GRANTING REQUEST TO PUBLISH <br><br> [NO CHANGE IN JUDGMENT] |

APPEAL from a judgment of the Superior Court of Amador County, Leslie C. Nichols, Judge. Affirmed.

Chatten-Brown & Carstens, Chatten-Brown, Carstens & Minteer, Douglas P. Carstens, Joshua R. Chatten-Brown, and Michelle Black for Plaintiff and Appellant.

Gregory Gillott for Defendant and Respondent.

Cox, Castle & Nicholson, Michael H. Zischke, and James M. Purvis; Harrison Temblador Hungerford & Johnson, Mark D. Harrison, and Bradley B. Johnson for Real Parties in Interest and Respondents.

---

<sup>*</sup> Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part II.

1

THE COURT:

The opinion in the above-entitled matter filed on February 26, 2019, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

It is also ordered that the opinion filed in this case on February 26, 2019, be modified as follows:

On page 2, second full paragraph, remove the second sentence stating, "We conclude (1) the arguments relating to impacts other than traffic impacts are precluded by res judicata, and (2) LAWDA fails to establish that CEQA statutes and guidelines require reversal as to traffic impacts." And replace with the following: "In the published portion of this opinion, we conclude the arguments relating to impacts other than traffic impacts are precluded by res judicata. And in the unpublished portion of this opinion, we conclude LAWDA fails to establish that CEQA statutes and guidelines require reversal as to traffic impacts."

This modification does not change the judgment.

FOR THE COURT:

_____/S/_____
BUTZ, Acting P. J.

_____/S/_____
MAURO, J.

_____/S/_____
HOCH, J.

2